UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Theodore Wagner, #98565-071, | ) | C/A No.: 3:08-cv-2176-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on the plaintiff's declaratory judgment action filed, June 11, 2008. Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C., Magistrate Judge McCrorey filed a Report and Recommendation recommending that this Court dismiss the plaintiff's action and deem this action a strike for purposes of 28 U.S.C. § 1915(g). For the reasons stated herein, this Court adopts the magistrate's Recommendation in its entirety.

### **Standard of Review**

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed eleven pages of objections on July 2, 2008.

### **Objections**

First, the plaintiff objects that the magistrate erred by dismissing his complaint for failure to state a claim upon which relief may be granted. Plaintiff notes that the relief he seeks is a statement of the First Amendment's protection of the right to petition. This objection makes it clear that the plaintiff seeks nothing more than an advisory opinion. This Court is without jurisdiction to render such opinions. *Incumaa*

*v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007).  Therefore, this objection is without merit.[1]

Next Plaintiff argues that the magistrate's summary of the plaintiff's claims improperly abridged the grievances in his complaint.  After a review of the complaint, this Court finds that the magistrate not only properly summarized the plaintiff's claims, but did so while applying the requisite liberal standard to the *pro se* pleading.  Therefore, this objection is without merit.

Plaintiff next objects that the magistrate erred by finding that Article III's case or controversy requirement was lacking from the plaintiff's complaint.  However, the plaintiff fails to rebut the magistrate's finding that the relief that the plaintiff seeks relate to matters that Plaintiff *may* litigate in the *future*.  Plaintiff's objections fail to demonstrate a controversy of sufficient immediacy and reality.  Therefore, the plaintiff's objection is without merit.

Then, Plaintiff objects that the magistrate erred by recommending that this Court deem this action a strike under 28 U.S.C. § 1915(g) because § 1915(g) is unconstitutional.  This objection is general and conclusory.  Therefore, this Court need not review it because it is not specific.

---

[1] Plaintiff's third and fourth objections are meritless for the same reason.  They argue that the magistrate erred by failing to render opinions on whether the First Amendment voided a portion of Article III, Section II of the Constitution, and whether AEDPA, the PLRA, and 42 U.S.C. § 2255 are constitutional.  Both objections make clear that the plaintiff seeks relief in the form of advisory opinions.  Therefore, Plaintiff's objections are both meritless.

Finally, Plaintiff objects that the cases that Magistrate Judge McCrorey relied upon to note that courts have deemed AEDPA and the PLRA constitutional are factually distinguishable from the immediate matter.  After reviewing the cases, this Court finds that these are distinctions without a difference.  Therefore, this objection is without merit.

### Conclusion

After a thorough review of the complaint, the Report and Recommendation, and the plaintiff's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED THAT this complaint be deemed a strike for purposes of 28 U.S.C. § 1915.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 14, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within sixty (60) days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**